**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN R. WALTON-COLE,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 2:20-cv-09664<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes ROBIN R. WALTON-COLE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the

1

Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in San Bernardino County, California, which is located within the Central District of California.

5. Defendant provides third party debt collection services. Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted real estate lease ("subject debt") that Plaintiff purportedly owed to Sunrise Vista Apartments ("Sunrise"). Plaintiff incurred the subject debt for personal and household purposes.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. Around the summer of 2020, Defendant began its collection campaign by telephonically contacting Plaintiff.

10. Upon speaking with Defendant, Plaintiff was informed of its status as a debt collector and of Defendant's intent to collect upon the subject debt.

11. Defendant was seeking to collect from Plaintiff an outstanding amount of around $831.00 for the subject debt.

12. Upon speaking with Defendant, Plaintiff disputed the validity of the subject debt.

13. In response, Defendant mocked and berated Plaintiff for how she manages her finances and for lacking the means to make a payment.

14. Defendant also subjected Plaintiff to a series of intrusive questions regarding her personal life and expenditures.

15. Plaintiff was taken aback by Defendant's unprofessional conduct and harassing collection campaign.

16. Frustrated and confused over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or

4

abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

25. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt.

### a. Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect
> or attempt to collect any debt or to obtain information concerning
> a consumer."  15 U.S.C. §1692e(10).

28. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type

5

of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

**b. Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to ridicule Plaintiff during its debt collection campaign as this act was designed to place undue pressure on Plaintiff to make a payment.

31. As pled in paragraphs 16 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ROBIN R. WALTON-COLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

37. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692d, e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

38. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ROBIN R. WALTON-COLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: October 21, 2020  Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com